IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PETER TRAUERNICHT,
et al.,

    Plaintiffs,

v.                                  Civil Action No. 3:22-cv-532

GENWORTH FINANCIAL
INC., et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on PLAINTIFFS' STATEMENT OF POSITION REGARDING TRANSFER (ECF No. 56), GENWORTH'S POSITION STATEMENT REGARDING POTENTIAL TRANSFER TO THE ALEXANDRIA DIVISION (ECF No. 57), GENWORTH'S REPLY IN SUPPORT OF ITS POSITION STATEMENT REGARDING POTENTIAL TRANSFER TO THE ALEXANDRIA DIVISION (ECF No. 59), and PLAINTIFFS' REPLY TO GENWORTH'S POSITION STATEMENT REGARDING POTENTIAL TRANSFER TO THE ALEXANDRIA DIVISION (ECF No. 60). For the reasons set forth below, the Court will decline to transfer the case to the Alexandria Division.

## BACKGROUND

### I. Factual Background

Class Representatives Peter Trauernicht and Zachary Wright ("Class Representatives"), on behalf of themselves and all other similarly situated individuals (referred to collectively as "Plaintiffs"), bring suit against Genworth Financial, Inc.,

("Genworth" or "Defendant").[1] The Complaint (ECF No. 1) alleges that Genworth breached its fiduciary duty under the Employee Retirement Income Security Act ("ERISA") by selecting, retaining, and otherwise ratifying poorly-performing investments for participants of the Genworth Financial Inc. Retirement and Savings Plan ("Plan"). Compl. ¶¶ 1, 6.

The Plan is a "participant-directed defined contribution plan" where participants have the opportunity to direct the investment of their contributions into various investment options offered by the Plan. Compl. ¶ 19. The Plan included options to invest in target date funds ("TDFs"), which are portfolios of underlying funds that gradually shift to become more conservative as the assumed target date approaches. Id. ¶ 24. The BlackRock TDFs were designated as the Plan's default, so approximately 51% of the Plan's assets were invested in these TDFs. Id. ¶¶ 33-34. Plaintiffs allege that Genworth failed to scrutinize the performance of BlackRock TDFs against any of the alternatives in order to determine whether the expected performance of the BlackRock TDFs could support continued retention in the Plan. Id. ¶ 35. The BlackRock TDFs ultimately underperformed during the Class

---

[1] The Complaint originally included The Board of Trustees of Genworth Financial, Inc., The Fiduciary & Investments Committee of the Genworth Financial, Inc. Retirement and Savings Plan, and Does Nos. 1-20 as defendants, but the Plaintiffs agreed to voluntarily dismiss them without prejudice. ECF No. 13 ¶ 1.

Period, which allegedly resulted in participants missing out on millions of dollars in retirement savings growth that would have been achieved through investments in alternative TDFs. Id. The Complaint alleges that Genworth's failure to evaluate and select alternative TDFs breached its fiduciary duty owed to Plan participants to act prudently and solely in the interest of the participants. Id. ¶ 51.

II. Procedural History

Plaintiffs filed this class action suit on August 1, 2022, seeking relief under §§ 404, 409, and 502 of ERISA, codified at 29 U.S.C. §§ 1104, 1009, and 1132. On October 17, 2022, Genworth filed an Answer (ECF No. 19) and a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (ECF No. 17), which the Court denied without prejudice for failure to properly divide the issues. ECF No. 32. Accordingly, Genworth filed a Motion to Dismiss under Rule 12(b)(6) (ECF No. 38) and Motion to Dismiss under Rule (12(b)(1) (ECF No. 40) on October 27, 2022. Plaintiffs filed their responses on November 10, 2022, ECF Nos. 45 and 46, and Genworth filed its replies on November 16, 2022. ECF Nos. 49 and 50.

Also on November 16, 2022, both parties met with the Court for an Initial Pretrial Conference ("IPTC") to set the schedule for litigation. ECF No. 55. During the IPTC, the Court raised the issue of transfer sua sponte because Judge Michael S. Nachmanoff of the United States District Court for the Eastern District of

Virginia Alexandria Division was presiding over two other cases[2] with common issues filed by counsel who represents the Plaintiffs here. Id. at 8-9. Following the Court's Order (ECF No. 54), Genworth filed a Position Statement on November 17, 2022, expressing that it did not consent to transferring the case to the Alexandria Division. ECF No. 52 at 2. In accordance with a briefing schedule set by the Court, both parties filed their respective Statements of Position Regarding Transfer on December 1, 2022, and their respective responses on December 8, 2022.

III. Parties' Positions Regarding Transfer

a. *Plaintiffs' Position*

Plaintiffs do not oppose transferring the case, arguing that the case could have been brought in the Alexandria Division from the start because additional members of the proposed class likely reside in that district, so a "substantial part of the events . . . giving rise to the claim occurred" in the Alexandria Division. ECF No. 56 at 3 (quoting 28 U.S.C. § 1391(b)(2)). Likewise, Plaintiffs contend that transfer is warranted under 28 U.S.C. § 1404(a) because (1) the Plaintiffs' choice of forum does not weigh against transfer; (2) most of the evidence is stored electronically, and even if it is not, the Alexandria Division is close in proximity to the Richmond Division so that witnesses and

---

[2] Tullgren v. Booz Allen Hamilton Inc. (No. 22-CV-00856) and Hall v. Capital One Fin. Corp. (No. 22-CV-0857).

4

evidence would not be inconvenienced by the transfer; (3) similarly, the parties will not be inconvenienced due to the close proximity of the divisions; and (4) transfer is in the interests of justice and would ensure judicial economy. ECF No. 56 at 3-6. The Plaintiffs also acknowledged that the Plan contains a forum-selection clause that "may bear on [the] analysis." ECF No. 60 at 2.

#### b. *Genworth's Position*

Genworth opposes the transfer of the case to the Alexandria Division for three reasons. ECF No. 57 at 1. First, Genworth argues that the Plan's forum-selection clause provides that "[a]ny action in connection with the Plan . . . may only be brought in Federal District Court for the Eastern District of Virginia, located in Richmond, Virginia," making the venue valid only in the Richmond Division. Id. (quoting ECF No. 57-2 at 3). Second, Genworth argues that the case could not have been brought in the Alexandria Division because none of the events or omissions that underly Plaintiffs' claims occurred in that division. ECF No. 57 at 3. Finally, Genworth contends that, even if the case could have been brought in the Alexandria Division under 28 U.S.C. § 1404(a), the interests of justice and the convenience of the parties or witnesses do not justify a transfer because (1) none of the parties

5

nor any of the witnesses reside in the Alexandria Division; and (2) there are no common parties between this case and the other cases currently in front of Judge Nachmanoff. <u>Id.</u> at 3-4.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a court can transfer a case to another district or division, even if venue is proper in the original court, if (1) the case might have been brought in the transferee district and (2) a transfer is convenient for the parties and witnesses and in the interest of justice. <u>Noetic Specialty Ins. Co. v. N.C. Mutual Wholesale Drug Co.</u>, 453 F. Supp. 3d 842, 844-45 (E.D. Va. 2020). However, "[a]s a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so." <u>BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.</u>, 884 F.3d 462, 470 (4th Cir. 2018).

In the present case, it is clear that the forum-selection clause in the Plan precludes transferring the case from the Richmond Division. The clause clearly states that any action related to the Plan must be brought in the "Federal District Court for the Eastern District of Virginia, located in Richmond, Virginia." ECF No. 57-2 at 3. This "clear language showing that jurisdiction is appropriate only in the designated forum" shows that the clause is mandatory and must be followed by the Court unless it is unreasonable. <u>Garrett v. Gulf Stream Coach, Inc.</u>, No.

6

3:08-cv-792, 2009 WL 9326297 (E.D. Va. April 7, 2009); see also Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 651 (4th Cir. 2010) ("[W]e will give effect to the parties' selection of . . . forum only if it would not be unreasonable to do so."). There is nothing to suggest, and the Plaintiffs do not contend, that the Plan's forum-selection clause is unreasonable, so the Court must abide by its language as agreed upon by the parties to the Plan. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (describing forum-selection clauses as "prima facie valid" and enforceable absent a showing of unreasonableness by the resisting party).

Accordingly, because there is nothing to suggest that the forum-selection clause is invalid or unreasonable, the Court will abide by the clear language of the clause and, therefore, declines to transfer the case to the Alexandria Division.

## CONCLUSION

For the foregoing reasons, this case will not be transferred to the Alexandria Division.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 30, 2022