IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| PETER TRAUERNICHT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GENWORTH FINANCIAL, INC., <br><br> Defendant. | Case No. 3:22-cv-00532-REP |

**PLAINTIFFS' RESPONSE TO GENWORTH'S**
**SUBMISSION ON EXPERT REPORT MATTERS**

Pursuant to this Court's March 29, 2024 Order, *see* ECF No. 283, Plaintiffs, Peter Trauernicht and Zachary Wright (collectively, "Plaintiffs"), submit their response regarding the highlighted versions of the expert reports of Dr. Russell R. Wermers, Ph.D. (and accompanying brief) submitted by Defendant, Genworth Financial, Inc. ("Genworth" or "Defendant"). As explained fully herein, Genworth has taken extraordinary liberties in highlighting the reports in an ill-fated attempt to persuade the Court that portions of Dr. Wermers' class certification report[1] somehow masqueraded as an affirmative report on Genworth's burden to disprove loss causation. As set forth herein, it does not and the rampant highlighting does not change this fundamental fact.

The Court's Scheduling Order ("Order") on expert disclosures is clear. The Order set November 30, 2023, as the deadline to identify experts for affirmative expert reports and December 15, 2023, as the deadline to identify experts for rebuttal reports. (ECF No. 142). Affirmative expert reports were to be exchanged by January 15, 2024, and rebuttal reports were

---

[1] Dr. Wermers' December 4, 2023 expert report in support of Defendant's Opposition to Plaintiffs Motion for Class Certification is referred to herein as the "Wermers Report."

to be exchanged by January 30, 2024. *Id*. Pretrial Schedule A to the Order states, "[u]nless the court orders otherwise for good cause shown, expert witnesses and reports not disclosed as required by Federal Rule of Civil Procedure 26(a)(2) and (3) and the deadlines established herein shall not be allowed to testify or be admitted into evidence, as the case may be." ECF No. 43-1. Despite this unambiguous guidance, Genworth did not produce any affirmative expert reports on January 15, 2024.[2] On January 30, 2024, Genworth disclosed what it titled the Rebuttal Expert Report of Dr. Russell R. Wermers, Ph. D ("Rebuttal Report"). Although the Rebuttal Report, in part, responds to certain opinions in the Marin Report, it largely serves as an untimely affirmative report which belatedly attempts to address Genworth's burden of disproving loss causation, on which topic it failed to produce an affirmative expert report.

Federal Rule 26(a)(2)(C) states that "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), the disclosure must be made within 30 days after the disclosure made by the other party." Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee Notes to the 1993 Amendments to Rule 26 further state that "[n]ormally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Put simply, absent a scheduling order from the court to the contrary, Rule 26(a)(2)(C) requires that expert witnesses on an issue, or issues, on which the parties respectively have the burden of proof, be simultaneously disclosed. *See* Fed. R. Civ. P. 26(a)(2) Advisory Committee's Note to 1993 Amendment ("[n]ormally the court should

---

[2]Plaintiffs submitted three affirmative experts reports on January 15, 2024, including the Expert Report of Richard A. Marin ("Marin Report").

prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue.")  While the Federal Rules of Civil Procedure contemplate the use of rebuttal experts, "[a] rebuttal expert report is not the proper 'place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice.'" *Funderburk v. S.C. Elec. & Gas Co.*, 2019 WL 3406814, at *3 (D.S.C. July 9, 2019).  "Thus, '[r]ebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Id*. (citing E*. Bridge Lofts Prop. Owners Ass'n, Inc. v. Crum & Forster Specialty Ins. Co.*, 2015 WL 12831677, at *1 (D.S.C. July 9, 2015)).  "[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Withrow v. Spears*, 967 F.Supp.2d 982, 1002 (D. Del. 2013).

> Rule 37(c) specifies sanctions for the failure to make disclosures required by Rule 26:
>
> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) **shall not, unless such failure is harmless, be permitted to use as evidence at a trial**, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1) (emphasis added).  This Court has previously observed that that "[t]he first sentence of Rule 37(c)(1) provides an automatic preclusion sanction against the noncomplying party which prevents that party from offering the non-disclosed evidence at trial if that failure to disclose was not substantially justified, unless the failure was harmless." *Rambus,*

3

*Inc. v. Infineon Techs. AG*, 145 F.Supp.2d 721, 724 (E.D. Va. 2001) (Payne, J.). "The second sentence of the rule is somewhat inconsistent with the automatic preclusion text in the first sentence, because that sentence permits, either in addition to, or in lieu of, the preclusion sanction, imposition of "other appropriate sanctions," including attorneys fees, an order indicating that the matters are taken to be established, an order prohibiting that party from introducing the matter into evidence, an order striking pleadings, dismissing the action or an order entering judgment by default. *See* Fed. R. Civ. P. 37(b)(2)(A), (B) & (C) and (c)(1)." *Id*. Notwithstanding the second sentence, Rule 37(c)(1) has been described as "a 'self-executing sanction for failure to make a disclosure required by Rule 26(a),' designed to provide a 'strong inducement for disclosure.'" *Id.* (quoting *Carney v. Kmart Corp.*, 176 F.R.D. 227, 229 (S.D.W.Va. 1997)). Courts have upheld the use of the sanction of expert witness exclusion even when a litigant's entire cause of action or defense has been precluded. *Id*. (citing *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The information may only be used if the party demonstrates that its failure to disclose was substantially justified or harmless. *Id*.

  As set forth herein, Genworth has no substantial justification for failing to disclose an affirmative report on its burden of disproving loss causation. The Order relating to expert disclosures is unambiguous. Moreover, Genworth's conduct is not harmless. Indeed, expert discovery is closed and Plaintiffs, thus, have no opportunity to produce reports rebutting Dr. Wermers' belated affirmative opinions.

  Recognizing that it has no valid argument regarding the timing of Dr. Wermers' affirmative disclosures, Genworth manufactures a waiver argument predicated on Plaintiffs' purported failure to not object to the scope of Dr. Wermers' report in opposition Genworth's

4

Motion for Summary Judgment. Memorandum at 3. Setting aside the fact that Plaintiffs filed a *Daubert* motion seeking to exclude the Wermers Report in its entirety, Plaintiffs' have not waived any challenge to the inclusion of Dr. Wermers' affirmative opinions regarding loss causation As explained at the summary judgment and *Daubert* hearings, to the extent necessary, Plaintiffs intend to file motions *in limine* at trial seeking to preclude Dr. Wermers from providing affirmative testimony on issues for which Defendants bear the ultimate burden of proof. Clearly, until Genworth filed its motion for summary judgment, Plaintiffs did not have notice that Genworth would be relying on Dr. Wermers in aid of its burden related to loss causation. Genworth essentially argues that it should be rewarded for its gamesmanship.

Defendant's argument regarding the conditional burden of loss causation is both unsupported by *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 362 (4th Cir. 2014), and inconsistent with Federal Rule 26. Genworth conflates the Federal Rule 26 sequential expert disclosure process with the burden-shifting evidentiary framework courts use to resolve ERISA prudence claims on the merits. Rule 26 is concerned solely with discovery. Rule 26 (a)(2) sets out an unambiguous sequence with regard to expert discovery: if the party that bears the burden of proof on an issue decides to file an expert report on that issue, whether that party is a plaintiff or defendant, that report must be filed at the initial deadline, and the opposing party then has the right to file at a later date an expert report responding to the initial report. *Mabrey v. United States,* 2006 WL 1891127, at *5 (D. Nev. July 7, 2006). This sequence is designed to provide all parties with adequate opportunities to prepare for cross-examination, summary judgment and trial, and to engage rebuttal experts and present testimony refuting the initial expert's opinions. *See* Fed. R. Civ. P. 26(a)(2) Advisory Committee's Note to 1993 Amendment. Therefore, if a party bears the burden of proof on an issue, like Defendant does with regard to the issue of loss

causation, that party must file any expert reports on that issue on the date that this Court sets for initial expert reports.

This obligation under Rule 26 is in no way dependent on the order in which courts ultimately consider the evidence when deciding liability. The expert disclosure obligation exists under the Federal Rules even if the court never actually considers the evidence when resolving the case on the merits. For example, a court could grant a motion for directed verdict before a defendant puts on any evidence. That possibility, however, would not relieve the defendant of its Rule 26 obligations during the discovery phase of the case.

Even if credence were given to the notion that Defendant's burden is conditional, that would not change its disclosure obligations, as the Order entered in this action provided a single schedule for the disclosure of expert evidence. Indeed, while Genworth seeks refuge in the fact that the defendants in *Tatum* served their rebuttal reports one month after plaintiff served his reports and were permitted to present that testimony at trial, it notably neglects to mention that the scheduling order in that case specifically provided for separate deadlines for ***plaintiffs'*** and ***defendants'*** reports, rather than affirmative and rebuttal reports. *Tatum v. R.J. Reynolds Tobacco Co.*, 1:02-cv-00373-NCT-LPA, Dkt. 150 (M.D.N.C. Feb. 18, 2016). Simply put, by any construction, Genworth's untimely disclosure is unjustified.

I. **THE HIGHLIGHTED PORTIONS OF THE WERMERS REPORT ARE NOT OPINIONS ON THE SUBSTANTIVE MERITS OF LOSS CAUSATION IN THE REBUTTAL EXPERT REPORT.**

With regard to the Wermers Report, the Court directed Genworth to file a version "***highlighting any opinions that are asserted to appear in, or be the same as, the opinions of Dr. Wermers on the substantive merits of loss causation in his Rebuttal Expert Report . . .***" ECF No. 283 (emphasis added). In an effort to ascribe attributes to the Wermers Report which it

6

does not have, Genworth has ignored the Court's instruction and submitted a version of the Wermers Report which highlights significant portions, which sections do not relate to loss causation, much less the substantive merits of loss causation offered in the Rebuttal Report. A summary of the highlights is presented in the chart below:

| Paragraphs | Summary of Opinions | Nexus to the Substantive Merits of Loss Causation Discussed in the Rebuttal Report |
|---|---|---|
| ¶¶ 1-9 | Dr. Wermers' CV | No nexus to loss causation |
| ¶ 10 | [redacted] | Focuses on *class-wide* harm, but does not touch on the substantive merits of loss causation discussed in the Rebuttal Report |
| ¶ 12 | [redacted] | No nexus to the substantive merits of loss causation discussed in the Rebuttal Report |
| ¶¶ 13-19 | [redacted] | No nexus to the substantive merits of loss causation discussed in the Rebuttal Report |
| ¶¶ 20-31 | [redacted] | No nexus to the substantive merits of loss causation discussed in the Rebuttal Report |
| ¶¶ 32-35 | [redacted] | No nexus to the substantive merits of loss causation discussed in the Rebuttal Report |
| ¶¶ 37-47 | [redacted] | No nexus to the substantive merits of loss causation discussed in the Rebuttal Report |
| ¶¶ 48, 51, 55 | [redacted] | No nexus to the substantive merits of loss causation discussed in the Rebuttal Report |

Even a cursory examination of Defendant's submission reveals its utter disregard for the instructions provided by the Court's March 29, 2024 Order. For instance, paragraphs 1-9 of the Wermers Report [redacted]

Equally irrelevant to loss causation – albeit instructive - is the highlighted portion of paragraph 10 of the Wermers Report, where he ███████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ and ███████████████████████████████████████████ ████████████ Clearly, the analysis of ███████████████████████████████ ████████ is separate and distinct from opinions offered on the substantive merits of loss causation. This distinction is further clarified in the highlighted portions of paragraph 12 of the Wermers Report, ████████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████████

Paragraphs 13-19 of the Wermers Report ████████████████████████████ ███████████████████████████████████████ ██████████████████████████████████████ Similarly, paragraphs 20-31 ████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████ The Wermers Report ████████████████████████████████

8

██████████████████████████████████████████

████████████████████████

Paragraphs 37-47 set forth Dr. Wermers' opinions ████████████████

████████████████████████████████████████████

████████████████████████ Specifically, Dr. Wermers concludes this section by stating:



Wermers Report ¶ 47. Thus, these paragraphs speak to the purported inability of Plaintiffs to prove harm on a class-wide basis, not to any burden Genworth has to disprove loss causation. The remaining highlighted paragraphs in the Wermers Report (48, 51, and 55) all relate to purported conflicts among class members identified by Dr. Wermers. To that end, Dr. Wermers summarizes his opinions in this section as follows:



Wermers Report ¶ 55 (emphasis in original). None of the opinions in this section and, indeed, none of the highlighted paragraphs of the Wermers Report, comply with the Court's directive of identifying opinions that "appear in, or [are] the same as, the opinions of Dr. Wermers on the substantive merits of loss causation in his Rebuttal Expert Report." For this reason, Defendant's attempt to cast the affirmative opinions in the Rebuttal Report as merely additive of similar opinions in the Wermers Report fails.

9

II. **THE HIGHLIGHTED PORTIONS OF THE REBUTTAL REPORT ARE OVERBROAD AND IGNORE THE NARROW SCOPE OF THE COURT'S DIRECTIVE.**

In response to the Court's directive that Genworth file a version of the Rebuttal Report "highlighting only the specific statements directly responsive to the Expert Report of Richard A. Marin," Defendant has filed an exhibit with two sets of highlights. According to Genworth, the yellow highlights purportedly identify only those opinions which are directly responsive to the Marin Report. Unilaterally modifying the Court's order, Genworth elected to provide a second (green) set of highlights which purport to reflect sections Genworth ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Highlighted Rebuttal Report, ECF No. 287-2 at 1 (cover sheet). Plaintiffs do not dispute that the yellow highlights to the Rebuttal Report are largely responsive (albeit misguided) to the Marin Report. However, the green highlights in Genworth's submissions are not only ***not directly responsive*** to the Marin Report, they are ***not responsive*** at all. Instead, those highlighted sections constitute affirmative opinions on the substantive merits of loss causation improperly shoehorned into a rebuttal report.

Tellingly, approximately half of the Rebuttal Report is highlighted in green, reflecting opinions which Genworth admits do not meet the Court's specific instruction to identify "only specific statements directly responsive" to the Marin Report. Genworth ignores the Court's direction and, instead, substitutes its own advocacy as to why it believes the affirmative opinions of Dr. Wermers raised, for the first time, in the Rebuttal Report, should be permitted despite Genworth's failure to disclose these opinions at the affirmative report deadline. Plaintiffs, of course, take issue with all of the green highlighted portions of the Rebuttal Report, not only

10

because these portions—by Genworth's own admission—do not respond directly to the Marin Report, but also because they are in fact *affirmative* opinions rather than rebuttal opinions.

### III. DEFENDANT'S REQUEST TO DESIGNATE THE REBUTTAL REPORT AS AN AFFIRMATIVE REPORT IS IMPROPER.

Under Fed. R. Civ. P. 26(a)(2)(C), a defendant entitled to disclose its expert witnesses on the rebuttal expert witness disclosure deadline if its experts' opinions are intended "solely to contradict or rebut evidence on the same subject matter by Plaintiffs' expert witnesses *and as to which Plaintiffs have the burden of proof*." *Mabrey*, 2006 WL 1891127, at *4 (emphasis added). However, because Genworth chose not to disclose Dr. Wermers' opinions on the substantive merits of loss causation (its burden at trial) it may not now offer his affirmative opinions under the guise of a rebuttal report unless its failure to disclose was substantially justified or harmless. *Id.* at *5 ("Because Defendant elected to only disclose its expert witnesses on the rebuttal expert witness disclosure date, however, Defendant's expert witnesses will not be permitted to testify to any expert opinion regarding an issue on which Defendant has the burden of proof.").[3] It is neither.

To determine whether a failure to follow discovery rules is substantially justified or harmless, the Fourth Circuit applies the five factors articulated in *Rambus*:

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and

---

[3] Genworth also argues that Mr. Marin's class certification report should not be considered in supporting class certification since it was disclosed in response to Dr. Wermers' class certification report. Memorandum, at 6. This argument is pure projection. There was no schedule in place for disclosing class certification reports and Mr. Marin's report appropriately responds to the Wermers Report, which misconstrues Plaintiffs' claims and the evidence supporting the motion for class certification (evidence which is sufficient standing alone to carry Plaintiffs' burden on the motion).

11

> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture v. Sherwin-Williams*, 318 F.3d 592, 597 (4th Cir. 2003) (citing *Rambus*, 145 F.Supp.2d at 726). These facts weigh in favor of exclusion.

### A. Plaintiffs Were Surprised by the Untimely Disclosure of Dr. Wermers' Affirmative Opinions

Plaintiffs were surprised by the untimely disclosure of Dr. Wermers' affirmative opinions on loss causation which were not served until the disclosure of rebuttal reports on January 30, 2024. The manner in which Genworth used the untimely disclosure was not known until Genworth filed its Motion for Summary Judgment on February 20, 2024. This factor is clearly satisfied. *Rambus*, 145 F.Supp.2d at 729.

### B. Exclusion is Necessary to Cure Genworth's Conduct

Genworth further suggests that Plaintiffs had opportunity to seek a cure for its misconduct by filing a rebuttal report, but such action would have been violative of the Order entered by the Court. Likewise, Genworth's willingness for Plaintiffs to now depose Dr. Wermers a second time or submit a rebuttal report and its observation that the Court has not set a new trial date fail to acknowledge that each of these potential delays are the result of its choice to disregard the clear terms of the unambiguous Order, which Plaintiffs complied with. Discovery has now closed and dispositive and *Daubert* motions have been fully briefed. Genworth's actions have deprived Plaintiffs of the opportunity to prepare a responsive report to conduct additional discovery. Genworth's request that the Court merely designate the report as affirmative is at odds with the strict guidance of Federal Rule 37.

### C. Allowing the Testimony Would be Disruptive

While the Court has temporarily continued the trial date, this case was set to be tried on May 20, 2024. Now, as a result of Defendant's conduct, the Court and the Parties have already been forced to expend time and resources on briefing this issue, the resolution of which will almost certainly necessitate a later trial date. If Genworth is allowed to simply designate the Rebuttal Report as an affirmative report, the resulting delay with necessarily be significant. Dr. Wermers would need to be re-deposed and Plaintiffs would be entitled to sufficient time to for Marin to prepare and submit a rebuttal report. Further, summary judgment, which has been fully briefed and argued, would need to be redone to account for the additional discovery and reports. This, the disruption from Genworth's failure to abide by the Order is neither trivial not harmless. Accordingly, this factor weighs in favor of excluding the untimely affirmative opinions in the Wermers Report.

### D. Genworth Cannot Provide a Justifiable Explanation for its Untimely Disclosure

Genworth has failed to articulate a justifiable explanation for the untimely disclosure of Dr. Wermers' affirmative opinions. If Genworth truly desired to only disclose its experts on the rebuttal expert witness date, it should have sought to obtain agreement from the Plaintiffs to specifically provide for such staggered disclosure in the discovery plan and scheduling order, move the court to enter a staggered expert witness disclosure order. *Mabrey*, 2006 WL 1891127, at *3. Instead, it substituted its own judgment for the Court's, and now merely shrugs its shoulders and asks that the Court bless its gamesmanship.

### E. The Importance of the Testimony Weighs in Favor of Exclusion

The importance of Dr. Wermers' testimony must be viewed from the perspective of both parties. *Rambus*, 145 F.Supp.2d at 734. Defendant's argument that opinions disclosed in Dr.

13

Wermers' rebuttal report may also support Defendant's loss causation positions is essentially an admission that Dr. Wermers' affirmative opinions were not properly disclosed. The steps requested by Defendant would deprive Plaintiffs of their ability to prepare evidence in response to Defendant's apparent affirmative presentation on issues for which it has the burden of proof. Accordingly, the Court should exclude those opinions offered by Dr. Wermers which are highlighted in green in Genworth's submission.

Dated:  April 8, 2024                                               Respectfully submitted,

/s/ *Glenn E. Chappell*
Glenn E. Chappell (Bar No. 92153)
TYCKO & ZAVAREEI, LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: gchappell@tzlegal.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
           lrubinow@millershah.com

James C. Shah
Alec J. Berin
John C. Roberts
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
           ajberin@millershah.com
           jcroberts@millershah.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on April 8, 2024, the foregoing document was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

                 /s/ *Glenn E. Chappell*
                 Glenn E. Chappell (Bar No. 92153)
                 TYCKO & ZAVAREEI, LLP